# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| SONEQUA E. FLEMMING and<br>ROBIN CAIN HEARD, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 15 C 7731 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| HERMAN GUTIERREZ and ECOLAB, INC.,<br>a foreign corporation and LEASE PLAN, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The 12/10/15 order purported to adopt the parties' discovery schedule. That schedule
provided, *inter alia,* that the plaintiffs were to comply with Rule 26(a)(2) by disclosing the names
of experts by 1/15/17 and their 26(a)(2)(B) reports by 3/15/17, with the "depositions of plaintiff's
[sic] experts" to be completed by 5/15/17. [Dkt. ##24, 25]. The defendants' experts were to be
named simultaneously with that of the plaintiff by 1/15/17 with their 26(a)(2)(B) reports due by
7/1/17 and with their depositions to be completed by 9/1/17. [Dkt. ##24, 25].

On 2/20/17, plaintiffs filed what they titled, "Disclosures to Rule 26(a)(2)" in which they
listed 12 individuals – 2 being named twice. [Dkt. #63]. The plaintiffs explicitly said that the listed
individuals were being disclosed pursuant to 26(a)(2). [Dkt. #63]. This appeared to be noncompliant
with the scheduling order both as a matter of timing and substance. On 3/14/17, the parties filed an
"Agreed Motion To Extend Discovery Deadline," requesting that "plaintiffs [have]" until 3/29/17
to name 26(a)(2) experts who "will be produced for depositions by 5/29/17. [Dkt. #70]. The most
recent filing effectively concedes that the plaintiffs' filing on 2/20/17 [Dkt. #63] was not the expert

filing envisioned by the court's scheduling order or Rule 26(a)(2) and that they missed the 1/15/17 filing deadline by two and a half months.

Why, exactly, the defendants have agreed to the present motion to extend is not clear, especially in light of their pending Amended Motion to Strike, which involves a doctor's sudden claim that he now has an opinion that at his deposition he disavowed. [Dkt. #68].

But while counsel have agreed to the motion, courts are not bound to enforce discovery agreements made by the lawyers. Instead they have broad discretion to preserve the integrity and purpose of the pretrial order and to insist that discovery be conducted as is deemed necessary and appropriate. *See McCollum v. Puckett Mach. Co.*, 628 F. App'x 225, 228 (5th Cir. 2015)*; Ruleford v. Tulsa World Pub. Co.*, 266 F. App'x 778, 786 (10th Cir. 2008); *Valyou v. VanNest*, 2016 WL 7665445, at *2 (D. Wyo. 2016); *Pinks v. M&T Bank Corp.*, 2016 WL 1216813, at *2 (S.D.N.Y. 2016). No persuasive reason has been shown in this case "'why the discovery deadline should [be] extended.'" *Ruleford, supra*.

Perhaps, as the agreed motion states – actually it is to extend two deadlines – it is being made to enable the parties to pursue settlement discussions:[1] "[t]he parties are actively pursuing settlement and wish to do so *with further expense*." (Emphasis supplied). While the italicized portion of the quote is likely a typographical error, it is anything but certain that granting the motion will lead to a minimization of expenses. Quite the contrary. It seems likely, if not certain, that if the motion were to be granted, there would exist the very real possibility of further expenses being incurred. It is certainly not likely that the plaintiffs' ability to now name "26(a)(2) experts" – be they deemed initial

---

[1] A recent settlement conference in this case ended without an agreement. Indeed, the lawyer who attended the conference for the plaintiffs had not even signed the settlement conference memorandum and was not the person who had been responsible for the case. After a call to his office regarding an offer by the defendant, he candidly admitted that he was there to see how high the defendant insurance company would go in its bidding.

or additional experts – would facilitate or enhance the likelihood of settlement. Precisely the opposite seems more likely, for it would potentially provide the plaintiffs with one or more witnesses who could not, as things now stand, be called at trial. *See* Rule 37(c), Federal Rules of Civil Procedure. Moreover, such an agreement would at least potentially give rise to future extensive motion practice relating to the to-be-named "experts," and the admissibility of their testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

In short, it does not appear that the granting of the motion will conserve the parties' resources or facilitate settlement. It is more likely to reward the plaintiffs for not doing what was seemingly necessary to win the case and for not doing what they were ordered to do in December 2015 [Dkt. #25] and what they asserted they had done on 2/20/17. [Dkt. #63]. No reason is given in the Agreed Motion to justify what appears to be the absence of effort and of good cause that is required of all litigants. In fact, the operative provisions of the Agreed Motion is only 5 1/4 lines long. [Dkt. #70]. Parties cannot simply fail to comply with a case management schedule and then insist and assume it will be extended. *See Hassebrock v. Bernhoft*, 815 F.3d 334 (7th Cir. 2016); *Winters v. Fru-Con Inc.*, 498 F.3d 734, 743 (7th Cir. 2007); *Gutierrez v. AT&T Broadband, LLC,* 382 F.3d 725, 733 (7th Cir.2004); *Grayson v. O'Neill,* 308 F.3d 808, 816 (7th Cir.2002), *cert. denied,* 540 U.S. 824 (2003); *Kalis v. Colgate-Palmolive Co.,* 231 F.3d 1049, 1057 n. 5 (7th Cir.2000); *Salgado v. General Motors Corp.*, 450 F.3d 735 (7th Cir. 1998); *Parker v. Freightliner Corp.*, 940 F.2d 1019, 1025 (7th Cir. 1991).

Finally, it should be noted that the Agreed Motion was filed two months after the 1/15/17 deadline specified in the case management order for the disclosure of name or names of experts required by 26(a)(2). "We live in a world of deadlines. If we're late for the start of the game or the

movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception." *Raymond v. Ameritech Corp.,* 442 F.3d 600, 606 (7th Cir.2006). The parties do not "own" the discovery schedule, and cannot suspend or extend discovery in accordance with their own desires. There is an overriding public interest in prompt resolution of legal disputes. *Gray v. Schaub*, 182 F.3d 921 (7th Cir. 1999); *Fort Howard Paper Co. v. Standard Havens*, Inc., 901 F.2d 1373, 1380 (7th Cir. 1990). There is not only a cost to the public at large, which is subsidizing a dispute resolution service, but to the other litigants waiting in the queue for the court's attention. *See Chapman v. First Index, Inc*., 796 F.3d 783, 787 (7th Cir. 2015); *Fort Howard*, 901 F.2d at 1380; *R-Boc Representatives, Inc. v. Minemyer*, 66 F. Supp. 3d 1124, 1130 (N.D. Ill. 2014). As discovery lingers needlessly in one case, it takes time away from other cases.

The parties are free, of course, to continue their attempts to resolve the case amicably and they are encouraged to do so. Indeed, the importance of settlements in the federal system can't be overstated. *Marek v. Chesny*, 473 U.S. 1 (1985); *Pierce v. Atchison, Topeka and Santa Fe Ry.*, 65 F.3d 562, 572 (7th Cir.1995). By the same token, parties cannot and should not be forced to settle cases. *Goss Graphics Sys., Inc. v. Dev Indus., Inc.,* 267 F.3d 624, 627 (7th Cir. 2001); *Strandell v. Jackson County, Illinois*, 838 F.2d 884,887 (7th Cir. 1988). "If the parties want to duke it out, that's their privilege."*Goss Graphics Systems, Inc.*, 267 F.3d at 628.

The motion is denied.

ENTERED: _____

UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/16/17

4